## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **ROBIE W. WALLS** and **LAURA M. WALLS**, | § § § | **CIVIL ACTION NO. _____** |
| Plaintiffs, | § § | |
| v. | § § | **CIVIL ACTION COMPLAINT** |
| **FORD MOTOR COMPANY**; | § § | |
| **CRA TRAILERS, INC.**, f/k/a GREAT DANE TRAILERS, INC.; | § § § | **JURY TRIAL DEMANDED** |
| **CUMMINS INC.**; | § § | |
| **DCO LLC**, f/k/a DANA COMPANIES LLC successor-by-merger to DANA CORPORATION; | § § § § | |
| **FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST**, sued as successor to FELT-PRODUCTS MANUFACTURING CO.; | § § § § § | |
| **GENERAL ELECTRIC COMPANY**; | § § | |
| **GENUINE PARTS COMPANY**, d/b/a NAPA; | § § § | |
| **HOLLINGSWORTH & VOSE COMPANY**; | § § | |
| **MERITOR, INC.**, f/k/a ARVINMERITOR, INC. successor-in-interest to ROCKWELL INTERNATIONAL AUTOMOTIVE PRODUCTS; | § § § § | |
| **METROPOLITAN LIFE INSURANCE COMPANY**, a wholly owned subsidiary of METLIFE INC.; | § § § § | |
| **MORSE TEC LLC**, f/k/a BORGWARNER MORSE TEC LLC successor-by-merger to BORG-WARNER CORPORATION; | § § § § § | |

**NAVISTAR, INC.,**
f/k/a INTERNATIONAL TRUCK AND
ENGINE CORPORATION f/k/a
INTERNATIONAL HARVESTER COMPANY;

**PACCAR INC.,**
d/b/a KENWORTH TRUCK COMPANY and
d/b/a PETERBILT TRUCK COMPANY;

**PARKER-HANNIFIN CORPORATION**;

**PNEUMO ABEX LLC**,
successor-in-interest to ABEX CORPORATION

**STANDARD MOTOR PRODUCTS, INC.,**
individually, and as successor to EIS BRAKE
PARTS;

**STRICK TRAILERS LLC**,
individually, and as successor-in-interest to
STRICK CORPORATION f/k/a STRICK
TRAILER CORPORATION;

**VIACOMCBS INC.,**
f/k/a CBS CORPORATION, a Delaware
corporation f/k/a VIACOM, INC., successor-by-
merger to CBS CORPORATION, a
Pennsylvania corporation, f/k/a
WESTINGHOUSE ELECTRIC
CORPORATION;

**ZF ACTIVE SAFETY US INC.,**
f/k/a KELSEY-HAYES COMPANY
successor-in-interest to FRUEFAUF
TRAILERS;

       Defendants.

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

## <u>CIVIL ACTION COMPLAINT</u>

     PLAINTIFFS, **Robie W. Walls** and **Laura M. Walls**, sue the above-named Defendants

for compensatory and punitive damages, by and through their attorneys, Wallace and Graham, PA,

and hereby bring this Civil Action Complaint, and allege:

2

# JURISDICTION AND VENUE

1.      This Court has jurisdiction over the parties pursuant to 28 USC §1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different states.

2.      This Court has personal jurisdiction over the Defendants because Plaintiffs' claims arise from Defendants' conduct in:

      (a)      Transacting business in this State, including the sale, supply, purchase, and/or use of asbestos and/or asbestos-containing products, within this State;

      (b)      Contracting to supply services or things in the State;

      (c)      Commission of a tortious act in whole or in part in this State;

      (d)      Having an interest in, using, or possessing real property in this State; and/or

      (e)      Entering into a contract to be performed in whole or in part by either party in this State.

3.      Plaintiffs' claims against the Product Defendants, as defined herein, arise out of Defendants' purposeful efforts to serve directly or indirectly the market for their asbestos and/or asbestos-containing products in this State, either through direct sales or through utilizing an established distribution channel with the expectation that their products would be purchased and/or used within North Carolina.

4.      All of the named Defendants are foreign corporations whose substantial and/or systematic business in North Carolina caused injury to Plaintiffs in this State, which subjects them to the jurisdiction of the North Carolina courts pursuant to the North Carolina Long-Arm Statute and the United States Constitution.

5.      Pursuant to 28 USC §1391 (2), venue is proper in this judicial district because a substantial part of the events or omissions occurred in North Carolina.

## **GENERAL ALLEGATIONS**

6.      Plaintiff Robie W. Walls has been diagnosed with mesothelioma.

7.      Plaintiff Robie W. Walls' cumulative exposure to asbestos as a result of acts and omissions of Defendants and their defective products, individually and together, was a substantial factor in causing Plaintiff's mesothelioma and other related injuries and therefore under North Carolina law is the legal cause of Plaintiff's injuries and damages.

8.      Plaintiff Robie W. Walls was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

9.      Plaintiff Robie W. Walls worked with, or in close proximity to others who worked with, asbestos-containing materials including but not limited to asbestos-containing products and other asbestos-containing materials manufactured and/or sold by Defendants identified above.

10.      Each of the named Defendants is liable for damages stemming from its own tortious conduct or the tortious conduct of an "alternate entity" as hereinafter defined.  Defendants are liable for the acts of their "alternate entity" and each of them, in that there has been a corporate name change, Defendant is the successor by merger, by successor in interest, or by other acquisition resulting in a virtual destruction of Plaintiff's remedy against each such "alternate entity"; Defendants, each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; such "alternate entities" have acquired the assets, product line, or a portion thereof of each such Defendant; Defendants, and each of them, caused the destruction of Plaintiff's remedy against each such "alternate entity"; each such Defendant has the ability to assume the risk-spreading role of each such "alternate entity;" and that each such defendant enjoys the goodwill originally attached to each "alternate entity."

4

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| CRA TRAILERS, INC. | f/k/a GREAT DANE TRAILERS, INC. |
| DCo LLC | f/k/a DANA COMPANIES LLC successor-by-merger to DANA CORPORATION |
| FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST | successor to FELT-PRODUCTS MANUFACTURING CO. |
| GENUINE PARTS COMPANY | d/b/a NAPA |
| MERITOR, INC. | f/k/a ARVINMERITOR, INC. successor-in-interest to ROCKWELL INTERNATIONAL AUTOMOTIVE PRODUCTS |
| METROPOLITAN LIFE INSURANCE COMPANY | a wholly-owned subsidiary of METLIFE INC. |
| MORSE TEC LLC | f/k/a BORGWARNER MORSE TEC LLC successor-by- merger to BORG-WARNER CORPORATION |
| NAVISTAR, INC. | f/k/a INTERNATIONAL TRUCK AND ENGINE CORPORATION f/k/a INTERNATIONAL HARVESTER COMPANY |
| PACCAR INC. | d/b/a KENWORTH TRUCK COMPANY and d/b/a PETERBILT TRUCK COMPANY |
| PNEUMO ABEX LLC | successor-in-interest to ABEX CORPORATION |
| STANDARD MOTOR PRODUCTS, INC. | as successor to EIS BRAKE PARTS |
| STRICK TRAILERS LLC | successor-in-interest to STRICK CORPORATION f/k/a STRICK TRAILER CORPORATION |
| ViacomCBS INC. | f/k/a CBS CORPORATION, a Delaware corporation f/k/a VIACOM, INC., successor-by-merger to CBS CORPORATION, a Pennsylvania corporation, f/k/a WESTINGHOUSE ELECTRIC CORPORATION |

Case 1:20-cv-00098-LCB-LPA   Document 1   Filed 01/30/20   Page 5 of 28

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| ZF ACTIVE SAFETY US INC. | f/k/a KELSEY-HAYES COMPANY successor-in-interest to FRUEHAUF TRAILERS |

11.     Plaintiffs have been informed and believe, and thereon allege, that at all times herein mentioned, Defendants or their "alternate entities" were or are corporations, partnerships, unincorporated associations, sole proprietorships and/or other business entities organized and existing under and by virtue of the laws of the State of North Carolina, or the laws of some other state or foreign jurisdiction, and that said Defendants were and/or are authorized to do business in the State of North Carolina, and that said Defendants have regularly conducted business in the State of North Carolina.

12.     Plaintiffs have been informed and believe, and thereon allege, that progressive lung disease, mesothelioma and other serious diseases are caused by inhalation of asbestos fibers without perceptible trauma and that said disease results from exposure to asbestos and asbestos-containing products over a period of time.

13.     As a direct and proximate result of the conduct as alleged within, Plaintiff Robie W. Walls has suffered permanent injuries, including, but not limited to, mesothelioma and other lung damage, as well as the mental and emotional distress attendant thereto, from the effect of exposure to asbestos fibers, all to his damage in the sum of the amount as the trier of fact determines is proper.

14.     As a direct and proximate result of the conduct as hereinafter alleged, Plaintiff Robie W. Walls incurred and is continuing to incur liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to Plaintiff at this time.  Plaintiff requests leave to supplement this Court

and all parties accordingly when the true and exact cost of Plaintiff's medical treatment is ascertained.

15.     As a further direct and proximate result of the conduct as hereinafter alleged, Plaintiff Robie W. Walls has incurred, and will incur, loss of profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to Plaintiff. Plaintiffs pray leave to supplement this Court and all parties accordingly to conform to proof at the time of trial.

## **PARTIES**

16.     The Plaintiffs, Robie W. Walls and Laura M. Walls, are citizens of the State of North Carolina where Robie W. Walls was exposed to asbestos during the course of his career.

17.     The Defendants that manufactured, sold, and/or distributed asbestos-containing products or raw asbestos materials for use in North Carolina and other states at times relevant to this action are referred to herein as "Product Defendants." At all times relevant to this action, the Product Defendants and the predecessors of the Product Defendants for whose actions the Product Defendants are legally responsible, were engaged in the manufacture, sale, and distribution of asbestos-containing products and raw material.

18.     At all times herein mentioned, each of the named Defendants was an entity and/or the successor, successor in business, successor in product line or a portion thereof, assign, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, subsidiary, or division of an entity, hereinafter referred to collectively as "alternate entities," engaged in the business of researching, studying, manufacturing, fabricating, designing, modifying, labeling, instructing, assembling, distributing, leasing, buying, offering for sale, supplying, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, re-branding, manufacturing for others, packaging and advertising a certain

7

product, namely asbestos, other products containing asbestos and products manufactured for foreseeable use with asbestos products.

19.     Defendant, **FORD MOTOR COMPANY**, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Michigan. At all times material hereto, FORD MOTOR COMPANY mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing automotive friction products. FORD MOTOR COMPANY is sued as a Product Defendant. Plaintiffs' claims against FORD MOTOR COMPANY arise out of this Defendant's business activities in the State of North Carolina.

20.     Defendant, **CRA TRAILERS, INC.**, f/k/a GREAT DANE TRAILERS, INC., was and is a company incorporated under the laws of the State of Georgia with its principal place of business in Georgia. At all times material hereto, CRA TRAILERS, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Great Dane trailers. CRA TRAILERS, INC. is sued as a Product Defendant. Plaintiffs' claims against CRA TRAILERS, INC. arise out of this Defendant's business activities in the State of North Carolina.

21.     Defendant, **CUMMINS INC.**, was and is a company incorporated under the laws of the State of Indiana with its principal place of business in Indiana. At all times material hereto, CUMMINS INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing

engines. CUMMINS INC. is sued as a Product Defendant. Plaintiffs' claims against CUMMINS INC. arise out of this Defendant's business activities in the State of North Carolina.

22.     Defendant, **DCO LLC** f/k/a DANA COMPANIES LLC successor-by-merger to DANA CORPORATION, was and is a limited liability company incorporated under the laws of the State of Virginia with its principal place of business in Ohio. After due diligence, Plaintiffs believe that DCO LLC is composed of a sole member, Dana Limited, an Ohio corporation. At all times material hereto, DCO, LLC mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Victor gaskets, Spicer clutches and truck brakes. DCO, LLC is sued as a Product Defendant. Plaintiffs' claims against DCO, LLC arise out of this Defendant's business activities in the State of North Carolina.

23.     Defendant, **FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST**, sued as successor to FELT-PRODUCTS MANUFACTURING CO., was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Delaware. At all times material hereto, FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, sued as successor to FELT-PRODUCTS MANUFACTURING CO., mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Fel-Pro gaskets. FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, sued as successor to FELT-PRODUCTS MANUFACTURING CO., is sued as a Product Defendant. Plaintiffs' claims against FEDERAL-MOGUL ASBESTOS PERSONAL INJURY TRUST, sued as successor to FELT-

Case 1:20-cv-00098-LCB-LPA   Document 1   Filed 01/30/20   Page 9 of 28

PRODUCTS MANUFACTURING CO., arise out of this Defendant's business activities in the State of North Carolina.

24.     Defendant, **GENERAL ELECTRIC COMPANY**, was and is a company incorporated under the laws of the State of New York with its principal place of business in Massachusetts. At all times material hereto, GENERAL ELECTRIC COMPANY mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing General Electric torpedoes. GENERAL ELECTRIC COMPANY is sued as a Product Defendant. Plaintiffs' claims against GENERAL ELECTRIC COMPANY arise out of this Defendant's business activities in the State of North Carolina.

25.     Defendant, **GENUINE PARTS COMPANY**, d/b/a NAPA, was and is a company incorporated under the laws of the State of Georgia with its principal place of business in Georgia. At all times material hereto, GENUINE PARTS COMPANY mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Rayloc brakes. GENUINE PARTS COMPANY is sued as a Product Defendant. Plaintiffs' claims against GENUINE PARTS COMPANY arise out of this Defendant's business activities in the State of North Carolina.

26.     Defendant, **HOLLINGSWORTH & VOSE COMPANY,** was and is a company incorporated under the laws of the State of Massachusetts with its principal place of business in Massachusetts. At all times material hereto, HOLLINGSWORTH & VOSE COMPANY mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing

Case 1:20-cv-00098-LCB-LPA   Document 1   Filed 01/30/20   Page 10 of 28

products, materials, or equipment, including, but not limited to, asbestos-containing gasket paper. HOLLINGSWORTH & VOSE COMPANY is sued as a Product Defendant. Plaintiffs' claims against HOLLINGSWORTH & VOSE COMPANY arise out of this Defendant's business activities in the State of North Carolina.

27. Defendant, **MERITOR, INC.**, f/k/a ARVINMERITOR, INC. successor-in-interest to ROCKWELL INTERNATIONAL AUTOMOTIVE PRODUCTS, was and is a company incorporated under the laws of the State of Nevada with its principal place of business in Michigan. At all times material hereto, MERITOR, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Rockwell brakes, transmissions and truck axles. MERITOR, INC. is sued as a Product Defendant. Plaintiffs' claims against MERITOR, INC. arise out of this Defendant's business activities in the State of North Carolina.

28. Defendant, **METROPOLITAN LIFE INSURANCE COMPANY**, was and is a company incorporated under the laws of the State of New York with its principal place of business in New York. METROPOLITAN LIFE INSURANCE COMPANY has done and does business in the State of North Carolina. METROPOLITAN LIFE INSURANCE COMPANY is named as a conspiracy defendant.

29. Defendant, **MORSE TEC LLC** f/k/a BORGWARNER MORSE TEC LLC successor-by-merger to BORG-WARNER CORPORATION, was and is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Michigan. MORSE TEC LLC f/k/a BORGWARNER MORSE TEC LLC is composed of a sole member, BorgWarner, Inc., a Delaware corporation. At all times material hereto, MORSE TEC LLC mined, manufactured, processed, imported, converted, compounded, supplied, installed,

11

replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing brakes, clutches, and transmissions. MORSE TEC LLC is sued as a Product Defendant. Plaintiffs' claims against MORSE TEC LLC arise out of this Defendant's business activities in the State of North Carolina.

30.     Defendant, **NAVISTAR, INC.** f/k/a INTERNATIONAL TRUCK AND ENGINE CORPORATION f/k/a INTERNATIONAL HARVESTER COMPANY, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Illinois. At all times material hereto, NAVISTAR, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing International and International Harvester trucks and farm equipment including Farmall and McCormick. NAVISTAR, INC. is sued as a Product Defendant. Plaintiffs' claims against NAVISTAR, INC. arise out of this Defendant's business activities in the State of North Carolina.

31.     Defendant, **PACCAR INC.**, d/b/a KENWORTH TRUCK COMPANY and d/b/a PETERBILT TRUCK COMPANY, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in Washington. At all times material hereto, PACCAR INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Kenworth trucks and Peterbilt trucks. PACCAR INC. is sued as a Product Defendant. Plaintiffs' claims against PACCAR INC. arise out of this Defendant's business activities in the State of North Carolina.

32.     Defendant, **PARKER-HANNIFIN CORPORATION**, was and is a company incorporated under the laws of the State of Ohio with its principal place of business in Ohio. At all times material hereto, PARKER-HANNIFIN CORPORATION mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing EIS brakes. PARKER-HANNIFIN CORPORATION is sued as a Product Defendant. Plaintiffs' claims against PARKER-HANNIFIN CORPORATION arise out of this Defendant's business activities in the State of North Carolina.

33.     Defendant, **PNEUMO ABEX LLC**, successor-in-interest to ABEX CORPORATION, was and is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Texas. PNEUMO ABEX LLC is composed of a sole member, the Pneumo Abex Asbestos Claims Settlement Trust (a Delaware statutory trust) that is not publicly traded or owned by any other entity. At all times material hereto, PNEUMO ABEX LLC mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing friction products. PNEUMO ABEX LLC is sued as a Product Defendant. Plaintiffs' claims against PNEUMO ABEX LLC arise out of this Defendant's business activities in the State of North Carolina.

34.     Defendant, **STANDARD MOTOR PRODUCTS, INC.**, individually and as successor to EIS BRAKE PARTS, was and is a corporation incorporated under the laws of the State of New York with its principal place of business in New York. At all times material hereto, STANDARD MOTOR PRODUCTS, INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos

13

and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing EIS brakes. STANDARD MOTOR PRODUCTS is sued as a Product Defendant. Plaintiffs' claims against STANDARD MOTOR PRODUCTS arise out of this Defendant's business activities in the State of North Carolina.

35. Defendant, **STRICK TRAILERS LLC,** individually, and as successor-in-interest to STRICK CORPORATION f/k/a STRICK TRAILER CORPORATION, was and is a limited liability company incorporated under the laws of the State of Delaware with its principal place of business in Indiana. After due diligence and upon information and belief, Plaintiffs believe that STRICK TRAILERS LLC is composed of a sole member, Diamatrix Inc., a Delaware corporation. At all times material hereto, STRICK TRAILERS LLC mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Strick trailers. STRICK TRAILERS LLC is sued as a Product Defendant. Plaintiffs' claims against STRICK TRAILERS LLC arise out of this Defendant's business activities in the State of North Carolina.

36. Defendant, **VIACOMCBS INC.**, f/k/a CBS CORPORATION, a Delaware corporation f/k/a VIACOM, INC., successor-by-merger to CBS CORPORATION, a Pennsylvania corporation, f/k/A WESTINGHOUSE ELECTRIC CORPORATION, was and is a company incorporated under the laws of the State of Delaware with its principal place of business in New York. At all times material hereto, VIACOMCBS INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Westinghouse torpedoes. VIACOMCBS INC. is sued as a

Product Defendant. Plaintiffs' claims against VIACOMCBS INC. arise out of this Defendant's business activities in the State of North Carolina.

37.     Defendant, **ZF ACTIVE SAFETY US INC.** f/k/a KELSEY-HAYES COMPANY successor-in-interest to FRUEHAUF TRAILERS, was and is a corporation incorporated under the laws of the State of Delaware with its principal place of business in Michigan. At all times material hereto, ZF ACTIVE SAFETY US INC. mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used, and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, including, but not limited to, asbestos-containing Fruehauf trailers and Kelsey Hayes brakes and clutches. ZF ACTIVE SAFETY US INC. is sued as a Product Defendant. Plaintiffs' claims against ZF ACTIVE SAFETY US INC. arise out of this Defendant's business activities in the State of North Carolina.

## BACKGROUND FACTS

38.     Plaintiffs bring this action for monetary damages as a result of Plaintiff Robie W. Walls contracting an asbestos-related disease.

39.     Plaintiff Robie W. Walls was diagnosed with Mesothelioma on November 5, 2018.

40.     Plaintiff's mesothelioma was caused by his exposure to asbestos during the course of his employment.

41.     Plaintiff Robie W. Walls served in the United States Navy from 1955 to 1959 as a Torpedoman's Mate 3rd Class. The Plaintiff served onboard ships that were homeported, repaired and/or overhauled at ports including, but not limited to Newport, Rhode Island. The Plaintiff's duties included refurbishing torpedoes. As a result of Plaintiff's Naval service as set forth above, it is believed that Plaintiff was exposed to asbestos dust, fibers and/or particles without controls, warnings or protection.

42.     During his work history, Plaintiff was exposed to asbestos through his work as a semi-tractor mechanic at various industrial jobsites located primarily in North Carolina and Virginia from approximately 1960 to 2004. Plaintiff worked as a mechanic performing a variety of tasks including but was not limited to, preventative maintenance and repair work of engines, clutches, transmissions, and brakes. He was also required to reline old brake shoes which included the removal of old brake lining material with a chisel and hand grinder, cutting new brake linings, and riveting them to the shoes. All of these activities exposed Plaintiff to asbestos.

43.     Plaintiff worked with, or in close proximity to others who worked with, asbestos-containing materials including but not limited to, asbestos-containing products and other asbestos-containing materials manufactured, sold, supplied and/or distributed by Defendants identified above.

44.     Plaintiff was exposed to Defendants' asbestos-containing products while employed as a fleet mechanic at Yellow Freight (f/k/a Avley Express) in Charlotte, North Carolina from approximately 1972 to 2004.

45.     Plaintiff was exposed to Defendants' asbestos-containing products while employed as a truck mechanic at the Mack Truck Company in Richmond, Virginia from approximately 1960 to 1962.

46.     Plaintiff was exposed to Defendants' asbestos-containing products while employed as a fleet mechanic at Great Coastal Express in Richmond, Virginia from approximately 1963 to 1964.

47.     Plaintiff was exposed to Defendants' asbestos-containing products while employed as a fleet mechanic at Archie's Motor Freight in Richmond, Virginia from approximately 1964 to 1972.

48.     Plaintiff was exposed to Defendants' asbestos-containing friction products during various times throughout his life while performing maintenance on his personal vehicles in Virginia and North Carolina from approximately the 1960s through the early 2000s. These activities exposed Plaintiff to asbestos.

49.     During various times throughout Plaintiff Robie W. Walls' life, he worked on new construction, renovations and additions on his personal homes in North Carolina, from approximately the 1980s through the early 2000s. As Plaintiff was renovating, building additions and remodeling his homes, he used or was exposed to, asbestos-containing products and raw materials manufactured, sold and/or distributed by Defendants. These activities exposed Plaintiff to asbestos.

50.     Plaintiff was not aware at the time of exposure that asbestos or asbestos-containing products presented any risk of injury and/or disease.

### FIRST CAUSE OF ACTION
### DEFECTIVE DESIGN

51.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

52.     At all material times, Defendants are or were miners, manufacturers, distributors, processors, importers, converters, compounders, and/or retailers of asbestos and/or asbestos-containing products, materials or equipment, or, are otherwise jointly and severally liable due to their involvement in the underlying facts.

53.     The Defendants, acting through their agents, servants, and/or employees caused, and have caused in the past, certain asbestos and asbestos-containing materials, products or equipment, to be placed in the stream of interstate commerce with the result of that said asbestos and asbestos-containing materials, products or equipment, came into use by Plaintiff Robie W.

17

Walls or by coworkers who were working with asbestos-containing materials in close proximity to Plaintiff.

54.     Plaintiff worked with and/or was exposed to the asbestos and asbestos-containing materials, products or equipment, mined, manufactured, processed, imported, converted, compounded, and/or sold by the Defendants, most or all of the exposure being within the State of North Carolina.

55.     Plaintiff was exposed to Defendants' asbestos and asbestos-containing materials, products or equipment, which exposure directly and proximately caused him to develop an illness known and designated as Mesothelioma.

56.     Defendants, acting by and through their servants, agents and employees, duly authorized and acting within the scope and authority of their employment, had a duty to design, manufacture, and sell products that were not unreasonably dangerous or defective and/or a duty to warn the Plaintiff and foreseeable users of said products of the dangers and defects which the Defendants created, knew, or, within the exercise of reasonable care, should have known.

57.     Defendants knew, or should have known, that persons working around asbestos-containing products in their employment, would be exposed to asbestos in quantities that could cause mesothelioma.

58.     Plaintiff sustained injuries caused by no fault of his own and which could not be avoided through the use of reasonable care. Plaintiff's development of an asbestos-related disease was directly and proximately caused by the negligence and carelessness of Defendants in that they manufactured, processed, sold, supplied or otherwise put said asbestos or asbestos-containing products, materials or equipment, into the market and into the stream of interstate commerce, while they knew, or in the exercise of ordinary care should have known, that said products were deleterious, poisonous, cancer-causing and/or inherently dangerous and harmful to Plaintiff's

18

body, lungs, respiratory system, skin, health, and general well-being. Further, Defendants knew or in the exercise of reasonable care should have known that Plaintiff would not know of such danger to his health.

59.     Plaintiff's illness and disability are the direct and proximate result of the negligence and carelessness of Defendants, jointly and severally, in that, even though the Defendants knew, or in the exercise of ordinary care should have known, that the asbestos and asbestos-containing materials, products or equipment, were deleterious, poisonous, and highly harmful to Plaintiff's body, lungs, respiratory system, skin, and health.

60.     Defendants, at the time of designing, manufacturing, distributing, selling, or otherwise placing asbestos and/or asbestos-containing products, materials or equipment, into the stream of commerce, knew, or in the exercise of reasonable care, should have known about the risks associated with their products. The products in question were defective at the time they left the control of the Defendants.

61.     The relevant Defendants who were involved in manufacturing, designing and producing the asbestos-containing products herein had a duty to use reasonable care throughout the manufacturing process, including making sure the product is free of any potentially dangerous defect in manufacturing or design.

62.     While non-asbestos alternative designs and formulations of the relevant products and equipment were available prior to when some or all of the Plaintiff's injurious exposure occurred, the relevant Defendants negligently failed to adopt a non-asbestos design and formulation during the pertinent times.

63.     Under N.C. Gen. Stat. § 99B-6, the relevant Defendants are liable for inadequate design or formulation in that they qualify as manufacturers within the scope of the statute and they

acted unreasonably in designing or formulating the product when there was a safer, practical, feasible, and otherwise reasonable alternative design or formulation.

64.     During some or all of the pertinent times, asbestos-free product designs and formulations could have accomplished the same functions as the asbestos products.

65.     Defendants were negligent and breached their duty of due care to Plaintiff by taking or failing to take the actions as previously alleged to avoid harm to the Plaintiff and other foreseeable users, in light of the reasonably foreseeable dangers caused by the design, manufacture, sale, distribution of the asbestos and/or asbestos-containing products, materials or equipment placed by Defendants in the stream of commerce.

66.     The hazards posed by exposure to asbestos and/or asbestos-containing products, materials or equipment, and the resulting injuries and damages to Plaintiff were reasonably foreseeable or should have been reasonably foreseen by Defendants.

67.     Defendants acted unreasonably by continuing to use a known cancer-causing product, to-wit: asbestos.

68.     At the time the products left Defendants' control, the design or formulation of the product was so unreasonable that a reasonable person, aware of the relevant facts, would not use or consume a product of this design.

69.     As a direct and proximate result of the aforesaid negligent acts and/or omissions by the Defendants, the Plaintiff Robie W. Walls developed mesothelioma, as a consequence of which, through no fault of his own, he is severely injured, disabled and damaged.

70.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## SECOND CAUSE OF ACTION
### FAILURE TO WARN

71.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

72.     Under N.C. Gen. Stat. § 99B-5, the relevant Defendants are liable for negligent failure to warn and inadequate warning or instruction, in that they were each a manufacturer or seller of a product who acted unreasonably in failing to provide such warning or instruction.  The failure to provide adequate warning or instruction was a proximate cause of the harm for which damages are sought.  At the time the relevant asbestos-containing products left the control of the relevant Defendant manufacturers or sellers, the products without an adequate warning or instruction, created an unreasonably dangerous condition that the manufacturer or seller knew, or in the exercise of ordinary care should have known, posed a substantial risk of harm to a reasonably foreseeable claimant.

73.     In the alternative, after the relevant asbestos-containing products left the control of the relevant Defendant manufacturer or sellers, the manufacturers or sellers became aware of or in the exercise of ordinary care should have known that the products posed a substantial risk of harm to a reasonably foreseeable user or consumer and failed to take reasonable steps to give adequate warning or instruction or to take other reasonable action under the circumstances.

74.     The relevant Defendants breached their duties and were negligent in the following acts and/or omissions:

(a)     Failed to advise Plaintiff of the dangerous characteristics of their asbestos and/or asbestos-containing materials, products or equipment;

(b)     Failed or omitted to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient apparel and protective equipment and appliances to reduce exposure to inhalable asbestos fibers, if in truth they were in any way able to protect him from being poisoned and disabled

Case 1:20-cv-00098-LCB-LPA   Document 1   Filed 01/30/20   Page 21 of 28

as he was by exposure to such deleterious and harmful asbestos-containing materials, products or equipment;

(c)    Failed and omitted to place any warnings or sufficient warnings on their containers of said asbestos and asbestos-containing materials, products or equipment, to warn the handlers of the dangers to health in coming in contact with said asbestos and asbestos-containing materials, products or equipment;

(d)    Failed and omitted to take reasonable precautions or to exercise reasonable care to publish, adopt, and enforce a safety plan and a safe method of handling and installing said asbestos-containing materials, products or equipment;

(e)    Inadequately warned, if, in fact, they warned at all, persons such as Plaintiff of the dangers to their health in coming in contact with and breathing said asbestos fibers from asbestos and/or asbestos-containing materials, products or equipment;

(f)    Did not recommend methods to reduce exposures;

(g)    After discovering that the asbestos exposure caused a progressive lung disease, the Defendants did not inform the Plaintiff of the need for monitoring and periodic evaluations up to and including the filing of this complaint.

### THIRD CAUSE OF ACTION
### BREACH OF IMPLIED WARRANTY

75.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

76.    The Defendants impliedly warranted that said asbestos materials were of good and merchantable quality and fit for their intended use.

77.    The implied warranty made by the Defendants that the asbestos and asbestos-containing materials, products, or equipment, were of good and merchantable quality and for the particular intended use was breached and that certain harmful, poisonous, and deleterious matter was given off into the atmosphere wherein the Plaintiff carried out his duties while working with or in the vicinity of asbestos and asbestos-containing materials, products, or equipment.

78.     As a direct and proximate result of the implied warranty of good and merchantable quality and fitness for the particular intended use, Plaintiff developed an illness, to-wit: Mesothelioma.

79.     As a result of the above, Plaintiffs seek damages as are hereinafter demanded.

## FOURTH CAUSE OF ACTION
### GROSS NEGLIGENCE; WILLFUL, WANTON, AND RECKLESS CONDUCT

80.     Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

81.     Plaintiff Robie W. Walls and others in his position worked in close proximity to the asbestos and asbestos-related materials used, sold or manufactured by the Defendants, and the exposure and hazard to each of them, in Plaintiff's presence, as well as others in his position, was known, or in the exercise of reasonable care should have been anticipated, by the Defendants, and each of them.

82.     The Defendants have known or should have known for decades of medical and scientific data which clearly indicates that the products, asbestos and asbestos-containing products, were hazardous to the health and safety of the Plaintiff and others in the Plaintiff's position, and prompted by pecuniary motives, the Defendants, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiff has been severely damaged as is set forth below.

83.     The Defendants intentionally and fraudulently continued to conceal the dangers of asbestos exposure for many decades, thus denying Plaintiff the knowledge with which to take necessary safety precautions such as periodic x-rays and medical examinations, stop smoking, and

Case 1:20-cv-00098-LCB-LPA   Document 1   Filed 01/30/20   Page 23 of 28

avoiding further dust exposure.  Specifically, Defendants' intentional and fraudulent conduct included the following acts and omissions:

(a)     failure to warn prior users when the Defendants had knowledge of the need for monitoring due to prior exposure;

(b)     failure to issue recall type letters to prior users;

(c)     frustrating the publication of articles and literature from the 1930's through at least 1976;

(d)     rejection by top management of advice of corporate officials to warn of the hazards of their asbestos products; such rejection being motivated by the possibility of adverse effects on profits; and

(e)     The intentional inadequacy of (and delay in the use of) the warnings on asbestos products.

84.     The acts of the Defendants, and each of them, as hereinabove set forth were intentional and willful and done with willful disregard of the safety of Plaintiff and others similarly situated at a time when Defendants, and each of them, had knowledge, or should have had knowledge of the dangerous effect of asbestos and asbestos-containing materials, products or equipment, upon the body of human beings, including Plaintiff arid others similarly situated, and even though forewarned by tests, standards, promulgations of rules and regulations, statutes, and ordinances recognized by the Defendants and subscribed to by them, nevertheless placed into the stream of commerce, for their own profit, this dangerous asbestos material with full knowledge that it was being used and would be used in the future to the detriment of the health of Plaintiff and others similarly situated, and Plaintiff is thereby entitled to punitive damages.

85.     Accordingly, as a result of the Defendants' conduct in which they acted in willful, wanton, gross negligence and in total disregard for the health and safety of the user or consumer, such as Plaintiff, Plaintiff therefore seeks exemplary and punitive damages against Defendants to

punish the Defendants for their actions, which were willful, wanton, gross, and in total disregard of the health and safety of the users and consumers of their products.

86.     The Defendants' above-described recurring conduct, acts, omissions, negligence, and impropriety included aggravating factors giving rise to a claim of punitive damages under Chapter 1D of the North Carolina General Statutes.

87.     Pursuant to N.C. Gen. Stat. § 1D-15(a), each Defendant is properly liable for punitive damages in this action in that Defendant is liable for compensatory damages and has committed one or more aggravating acts or omissions justifying an award of punitive damages, including without limitation, recurring acts of egregious and reckless behavior, and specific instances of willful and wanton conduct.

88.     The recurring conduct, acts, omissions, negligence, and impropriety of the Defendants were willful, wanton, malicious, and in reckless disregard for the rights and interests of the Plaintiff and justify an award of punitive damages. Accordingly, Plaintiff demands judgment against Defendant for punitive damages in an amount to be determined at trial.

<u>**FIFTH CAUSE OF ACTION**</u>
**CONSPIRACY**
**(Against Defendant METROPOLITAN LIFE INSURANCE COMPANY)**

89.     Defendant METROPOLITAN LIFE INSURANCE COMPANY rendered substantial aid and assistance to the manufacturers of asbestos-containing products and/or equipment to which Plaintiff Robie W. Walls was exposed, and such assistance by METROPOLITAN LIFE INSURANCE COMPANY aided and abetted the negligence and the marketing of unreasonably dangerous asbestos-containing products and/or equipment by such manufacturers which proximately caused Plaintiff Robie W. Walls' illness, injuries, and/or disabilities.

25

90.     In both conducting tests and in publishing their alleged results, METROPOLITAN LIFE INSURANCE COMPANY failed to exercise reasonable care to conduct or publish complete, adequate and accurate tests of the health effects of asbestos. METROPOLITAN LIFE INSURANCE COMPANY also caused to be published intentionally false, misleading, inaccurate and deceptive information about the health effects of asbestos exposure.

91.     Plaintiff Robie W. Walls' unwittingly but justifiably relied upon the thoroughness of METROPOLITAN LIFE INSURANCE COMPANY's tests and information dissemination, the results of which METROPOLITAN LIFE INSURANCE COMPANY published in leading medical journals.

92.     As a direct and proximate contributing result of METROPOLITAN LIFE INSURANCE COMPANY's failures to conduct or accurately publish adequate tests or disseminate accurate and truthful information, after undertaking to do so; (i) the risk of harm to Plaintiff Robie W. Walls from asbestos exposure was increased, and (ii) Robie W. Walls suffered the injuries previously described.

93.     In failing to test fully and adequately for the adverse health effects from exposure to asbestos; in delaying the publication of such results; in falsely editing such results as were obtained; in suppressing relevant medical inquiry and knowledge about those hazards to promote the sale and distribution of asbestos as a harmless product; and in collaborating with the other Defendants materially to understate the hazards of asbestos exposure, all for their own profit and gain, METROPOLITAN LIFE INSURANCE COMPANY acted willfully, wantonly, and with malice in calculated disregard for the welfare of the general public, including Plaintiff Robie W. Walls. Plaintiff seeks compensatory and punitive damages against METROPOLITAN LIFE INSURANCE COMPANY as a result.

## SIXTH CAUSE OF ACTION
### LOSS OF CONSORTIUM

94.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

95.    Plaintiffs Robie W. Walls and Laura M. Walls were married in North Carolina on May 28, 1960, and have remained married at all times material hereto.

96.    As a direct and proximate result of the injuries and damages complained of herein with respect to Plaintiff Robie W. Walls, and as a direct and proximate result of the acts and omissions of the Defendants, Plaintiff-Spouse, Laura M. Walls, has also suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband; and, therefore, Plaintiff-Spouse Laura M. Walls is entitled to damages for her loss of consortium, both past and future.

### DAMAGES

97.    Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

98.    As a result of his exposure to asbestos attributable to Defendants, Plaintiff Robie W. Walls has suffered and sustained very serious injuries to his person, to wit: mesothelioma.

99.    Plaintiff has further suffered great pain, extreme nervousness, and mental anguish as a direct result of the aforesaid injuries.

100.    Plaintiff verily believes that his injuries and illnesses are recurrent in nature and that he will be forced to suffer same for the remainder of his life; that his enjoyment of life has been greatly impaired; that he has been forced to remove himself from his job due to his poor health resulting in substantial lost wages and loss of earning capacity; and further, that his expected life span has been greatly shortened.

101.     Plaintiff alleges that as a result of the aforesaid illnesses, he has been forced to incur large amounts of medical expenses by way of doctor and drug bills and verily believes that he will be forced to incur additional expenses in an effort to treat his illnesses as aforesaid alleged.

WHEREFORE, the Plaintiffs verily believe they are entitled to actual damages against the Defendants, jointly and severally, by reason of said negligence, gross negligence, breach of warranty, failure to warn and other breaches of duty as alleged herein proximately caused by the fault of the Defendants, lost wages, special damages, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

## JURY DEMAND

Plaintiffs respectfully request a trial by jury of all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court:

A.     Award the Plaintiffs compensatory damages, in an amount to be determined at trial;

B.     Award the Plaintiffs punitive damages;

C.     Award the Plaintiffs pre-judgment and post-judgment interest and any other costs, expenses or fees to which the Plaintiffs may be entitled by law; and

D.     Award the Plaintiffs such other and further relief as is just and proper.

**A JURY IS RESPECTFULLY DEMANDED TO TRY THESE ISSUES.**

Respectfully submitted,

*/s/ William M. Graham*
William M. Graham (NC Bar #17972)
WALLACE & GRAHAM, P.A.
525 North Main Street
Salisbury, NC 28144
704-633-5244
704-633-9434 (fax)
E-Mail: bgraham@wallacegraham.com

ATTORNEYS FOR PLAINTIFFS

28