IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LAURA M. WALLS, individually and as Executor of the estate of Robie W. Walls,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.<br><br>    Defendants. | C.A. No. 1:20-cv-00098 |

## DEFENDANT ZF ACTIVE SAFETY US INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' *DAUBERT* MOTION TO EXCLUDE EVIDENCE OF OCCUPATIONAL OR BYSTANDER EXPOSURE TO ASBESTOS IN THE US NAVY AND TO EXCLUDE NAVAL RESEARCHERS

Defendant ZF Active Safety joins in the briefs of its co-defendants in opposing Plaintiffs' Daubert Motion To Exclude Evidence Of Occupational Or Bystander Exposure To Asbestos in the US Navy and To Exclude Naval Researchers (ECF No. 264). ZF Active Safety incorporates those arguments herein.

Plaintiffs seek to exclude the testimony of Christopher P. Herfel and Captain Margaret McCloskey. ZF Active Safety has retained Mr. Herfel, along with other Defendants in this case. His report is attached hereto as **Exhibit A**. His opinions are also summarized in his deposition, including at pages 16 to 20, attached hereto as **Exhibit B**. Plaintiffs argue that Mr. Herfel is "simply" an "archival researcher" who has "no personal knowledge." They also argue that Mr. Herfel's opinions are

irrelevant, inadmissible, and prejudicial. Plaintiffs' motion should be denied for the reasons set forth below and in the briefs of the other Defendants' in this case.

Plaintiffs do not cite any authority that "archival researchers" should be excluded. In any event, Mr. Herfel is far more than an archival researcher. One Court recently summarized his credentials as follows:

> Although the Court need not conduct a full evidentiary assessment of his qualifications as an expert witness at this stage, a cursory review of Mr. Herfel's credentials indicate that he has extensive experience in the maintenance, activation, and deactivation of U.S. Navy and merchant ships as well as expertise with shipboard systems, management, and repair. Mr. Herfel has a degree in Marine Engineering from the U.S. Merchant Marine Academia and a Third Assistant Engineer's License from the U.S. Coast Guard, and served as an Officer in the United States Naval Reserve. He currently serves as the President/CEO of a firm that specializes in the research and analysis of federal naval and merchant marine documents and records. Prior to this role, he worked at a shipyard managing the construction planning, engineering, and repair of vessels.

*Jackson v. Avondale Indus.*, 469 F. Supp. 3d 689, 698-99 (E.D. La. 2020).

Herfel has spent the last seventeen (17) years researching United States Navy policy, practices, doctrine and procedures regarding the materials used to construct, maintain and repair Navy ships. **Exh. A** at p. 1. Though his education, training and work experience, Herfel developed expertise on the subjects of United States Navy ship design, development, maintenance, construction and repair, including Navy

specifications and the use of asbestos on Navy ships and in shipyards. *Id.* at pp. 1-2. He has researched the construction, repair, and overhauls of the ships at issue, including repairs and overhauls during the time Mr. Walls served on them. *Id.* at 2. Clearly, he is qualified to offer his opinions in this case.

Plaintiffs also argue that Mr. Herfel cannot testify because he lacks personal knowledge. However, personal knowledge is not required for experts to testify. FRE 602. Rather, an expert, such as Mr. Herfel, may rely upon knowledge and experience, as well as information brought to his or her attention. The records he is relying upon are "business records, instructions, technical manuals, training manuals, specifications, standards, plans, photographs, daily correspondence, and other publications of the U.S. Navy." They are stored at US government repositories. These are precisely the type of documents and data that a Navy expert, such as Mr. Herfel, rely upon in the field. *See* FRE 703.

Plaintiffs also argue that Mr. Herfel's opinions should be excluded because Robie Walls testified that he never went in the boiler rooms, machinery spaces, or engine rooms of the ships. However, among other things, Mr. Herfel opines that over time, asbestos-containing dust would have been present in Mr. Walls' living and working areas. *See* Herfel Depo. at pp. 21-22 (Exh. B). Among other things, Mr. Herfel explained that not only were steam lines insulated with asbestos-containing insulation, the cold water lines were also insulated with high amosite

3

content asbestos "anti-sweat" insulation.  **Exh. A** at 10, 11.  This was used to insulate fresh water to the showers, sinks, laundry and their drains.  *Id.* at 11.  It also was used to insulate salt-water piping for sanitary, fire fighting, flushing, and machinery cooling.  *Id.*  These systems ran throughout the non-engineering spaces of Navy ships.  *Id.*  Moreover, as Mr. Herfel points out, Mr. Walls saw insulated pipes in his quarters.  *Id.* at 12.  He also points out that Mr. Walls lived on the ship during overhauls, where asbestos-containing insulation was repaired and replaced.  *See id.* at 15-17.

Contrary to Plaintiffs' arguments, these opinions are relevant and their relevance is not substantially outweighed by unfair prejudice.  For these reasons, and the reasons set forth in the oppositions filed by the other defendants in this case, Plaintiffs' motion should be denied in its entirety, and Mr. Herfel and Captain McCloskey should be allowed to offer their opinions in this case.

Respectfully submitted,

Date: August 20, 2021
Greenville, SC

HAYNSWORTH SINKLER BOYD, P.A.

By: /s/ Moffatt G. McDonald
Moffatt G. McDonald
E-mail: mmcdonald@hsblawfirm.com
W. David Conner
E-mail: dconner@hsblawfirm.com
Scott E. Frick
E-mail: sfrick@hsblawfirm.com

By: /s/ Christopher B. Major
Christopher B. Major, NC No. 31663
E-mail: cmajor@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 2048
Greenville, SC 29602
(864) 240-3200 – phone
(864) 240-3300 – fax
*Local Civil Rule 83.1 Counsel*

Counsel for Defendant ZF Active Safety US Inc.

# CERTIFICATE OF WORD COUNT

I hereby certify that the foregoing <u>Defendant ZF Active Safety US Inc.'s Memorandum in Opposition to Plaintiffs' Daubert Motion to Exclude Evidence of Occupational or Bystander Exposure to Asbestos in the US Navy and to Exclude Naval Researchers</u> (exclusive of the caption, signature line(s), and Certificate of Service) complies with the limitations set forth in Local Rule 7.3(d) based on the word count identified by Microsoft Word.

Date: August 20, 2021
Greenville, SC

HAYNSWORTH SINKLER BOYD, P.A.

By: /s/ Moffatt G. McDonald
Moffatt G. McDonald
E-mail: mmcdonald@hsblawfirm.com
W. David Conner
E-mail: dconner@hsblawfirm.com
Scott E. Frick
E-mail: sfrick@hsblawfirm.com

By: /s/ Christopher B. Major
Christopher B. Major, NC No. 31663
E-mail: cmajor@hsblawfirm.com
HAYNSWORTH SINKLER BOYD, P.A.
Post Office Box 2048
Greenville, SC 29602
(864) 240-3200 – phone
(864) 240-3300 – fax
*Local Civil Rule 83.1 Counsel*

Counsel for Defendant ZF Active Safety US Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2021, the foregoing <u>Defendant ZF Active Safety US Inc.'s Memorandum in Opposition to Plaintiffs' Daubert Motion to Exclude Evidence of Occupational or Bystander Exposure to Asbestos in the US Navy and to Exclude Naval Researchers</u> was electronically filed with the Clerk of the Court using the CM-ECF system. Notification of such filing was given to the following by the CM-ECF system to those registered to receive a Notice of Electronic Filing for this case:

WILLIAM M. GRAHAM, ESQ.
WALLACE AND GRAHAM, P.A.
525 NORTH MAIN STREET
SALISBURY, NC 28144
bgraham@wallacegraham.com

Kevin W. Paul, Esq.
DEAN OMAR BRANHAM, LLP
302 N. Market Street, Ste. 300
Dallas, TX 75202
kpaul@dobslegal.com
*Attorneys for Plaintiff*

By: /s/ Moffatt G. McDonald