IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAURA M. WALLS, Individually and as Executor of the Estate of ROBIE W. WALLS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:20-CV-98 |
| FORD MOTOR COMPANY et al., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff alleges that her husband, Robie Walls, died of mesothelioma caused by exposure to asbestos during his long career as a mechanic. (ECF No. 138 ¶¶ 2, 9.) Plaintiff sues a number of Defendants for Defective Design, Failure to Warn, Breach of Implied Warranty, Gross Negligence, Conspiracy, and Loss of Consortium. (*Id.* ¶¶ 49–98.) Before the Court are three motions: a Motion for Summary Judgment filed by Defendant DCo LLC ("DCo") against all claims, (ECF No. 261); a Motion for Summary Judgment filed by Eaton Corp. ("Eaton") against all claims, (ECF No. 266), and a Motion for Partial Summary Judgment filed by Morse Tec LLC ("Morse") against Plaintiff's claim for punitive damages only, (ECF No. 320). Plaintiff has not opposed these motions. For the reasons stated herein, these motions will be granted.

## I. BACKGROUND

Walls worked as a tractor-trailer truck fleet mechanic from 1960 to 2002. (Walls dep. I at 54:10-17.) His work exposed him to asbestos. (*Id.* at 51:8–52:16.) Walls was diagnosed with mesothelioma in September 2019, (*Id.* at 49:13-24), and died from the disease on October 15, 2020, (ECF Nos. 246-2; Maddox rep. at 2.)

Defendant DCo sold gaskets and clutches that were made with asbestos. (ECF Nos. 265-4 at 83:1-5, Walls dep. I at 250:2–251:4, 255:21–256:13.) Defendant Eaton supplied aftermarket truck axles that included asbestos brakes. (ECF No. 268-6 at 12:10-16, 19:9-14.) Defendant Morse is the successor-by-merger to Borg-Warner Corp., which manufactured clutches made with asbestos. (ECF No. 337-3 at 477:14-17.)

## II. LEGAL STANDARD

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568 (4th Cir. 2015) (internal quotations omitted). "[I]n deciding a motion for summary judgment, a district court is required to view the evidence in the light most favorable to the nonmovant . . . and to draw all reasonable inferences in his favor." *Harris v. Pittman*, 927 F.3d 266, 272 (4th Cir. 2019) (citing *Jacobs*, 780 F.3d at 568). A court "cannot weigh the evidence or make credibility determinations," *Jacobs*, 780 F.3d at 569, and thus must "usually" adopt "the [nonmovant's] version of the facts," even if it seems unlikely that the moving party would prevail at trial, *Witt v. W. Va. State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011) (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

Where the nonmovant will bear the burden of proof at trial, the party seeking summary judgment bears the initial burden of "pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, then the burden shifts to the nonmoving party to point out "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (emphasis omitted). In so doing, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013). Instead, the nonmoving party must support its assertions by "citing to particular parts of . . . the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1); *see Celotex*, 477 U.S. at 324.

### III. DISCUSSION

#### A. Walls's exposure to asbestos from Defendant DCo was at most *de minimis*

Defendant DCo argues that Plaintiff has failed to create a genuine issue of material fact as to whether Plaintiff's illness was caused by his exposure to DCo's products. (ECF Nos. 265 at 8–11.)

To show causation in an asbestos suit, a plaintiff must prove "that he was actually exposed to the alleged offending products," *Smith v. Schlage Lock Co., LLC*, 986 F.3d 482, 487 (4th Cir. 2021) (quoting *Wilder v. Amatex Corp.*, 336 S.E.2d 66, 68 (N.C. 1985)), and "that exposure . . . was a substantial factor causing the plaintiff's injury." *Finch v. Covil Corp.*, 972 F.3d 507, 512 (4th Cir. 2020) (citing *Seraj v. Duberman*, 789 S.E. 2d 551, 557–58 (N.C.

Ct. App. 2016)). The substantial factor test is met where a plaintiff presents "evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked." *Id.* at 512–13 (quoting *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir. 1986). This is not an exacting standard, but "a *de minimis* rule" that requires plaintiff to "prove more than a casual or minimum contact with" defendant's product. *Id.* at 513 (quoting *Lohrmann*, 782 F.2d at 1162).

Here, the evidence suggests that Walls's exposure to asbestos from Defendant DCo's products was *de minimis*. While Walls testified that he occasionally worked with DCo's gasket and clutches, (Walls dep. I at 250:2–251:4, 255:21–256:14), he did not recall any instances of using DCo's gaskets and recalled using DCo's clutches only "once or twice," (Walls dep. II at 233:10–234:5). Further, he only saw new DCo clutches in the 1980s or 1990s, (*id.* at 240:5-12), and by then, the majority of DCo's clutches were made without asbestos, with asbestos completely phased out by 1984, (ECF No. 265-4 at 83:1-5, 36:7-13). Plaintiff does not oppose DCo's summary judgment motion and has not presented evidence to suggest that Wall's suffered greater exposure to asbestos from DCo's products. Thus, Plaintiff's claims against DCo fail as a matter of law, and Defendant DCo's motion will be granted.

### B. Plaintiff has failed to present evidence that Walls ever worked with Eaton products

Defendant Eaton also argues that Plaintiff has failed to create a genuine issue of material fact as to whether Plaintiff's illness was caused by his exposure to Eaton's products. (ECF Nos. 268 at 13-17.)

4

Similarly, Plaintiff has failed to present evidence to suggest that Walls's illness was caused by Defendant Eaton. Plaintiff initially alleged that Walls worked with Eaton truck axels, (ECF No. 138 ¶ 26); however, Walls did not testify to ever working with Eaton axels. (*See* Walls dep. III at 18:13-15.) Instead, Walls testified to working with original manufacturer breaks and axels, and aftermarket axels and breaks provided by a number of other companies. (*See, e.g.*, Walls dep. I at 156:2-13, 160:16-18, 161:8-12, 201:20–202:15.) Plaintiff does not oppose Eaton's motion for summary judgment and has not presented evidence to suggest that Walls worked with Eaton's products. Thus, Plaintiff's claims against Eaton fail as a matter of law, and Defendant Eaton's motion will be granted.

### C. Defendant Morse is entitled to Summary Judgment on Plaintiff's punitive damages claim

Finally, Defendant Morse moves for summary judgment on Plaintiff's claim for punitive damages. (ECF No. 337 at 8–12.) Punitive damages may be awarded only upon a showing by clear and convincing evidence of fraud, malice, of willful or wanton conduct. N.C. Gen. Stat. § 1D-15(a), (b). Willful and wanton conduct is defined as "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." § 1D-5(7). Here, Morse argues that "Plaintiff has failed to produce testimony or any internal documents demonstrating Borg-Warner's intent to ignore the hazards of asbestos." (ECF No. 337 at 10.) Plaintiff does not oppose Morse's motion and has not submitted evidence that the company engaged in fraud, malice, or willful or wanton conduct. Thus, Defendant Morse's motion will be granted, and summary judgment will be entered against Plaintiff on her punitive damages claim.

5

## CONCLUSION

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant DCo's Motion for Summary Judgment, (ECF No. 261), is GRANTED, and DCo is dismissed from this case.

**IT IS FURTHER ORDERED** that Defendant Eaton's Motion for Summary Judgment, (ECF No. 266), is GRANTED, and Eaton is dismissed from this case.

**IT IS FURTHER ORDERED** that Defendant Morse's Motion for Partial Summary Judgment, (ECF No. 320), is GRANTED.

This, the 8th day of November 2021.

/s/ Loretta C. Biggs
United States District Judge