IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAURA M. WALLS, *Individually* ) | | |
| *and as Executor of the Estate* ) | | |
| *of* ROBIE W. WALLS, ) | | |
| ) | | |
| Plaintiff, ) | | 1:20-CV-98 |
| ) | | |
| v. ) | | |
| ) | | |
| FORD MOTOR COMPANY, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Plaintiff Laura Walls, individually and as executor of the estate of her now deceased husband Robie Walls, asserts claims for Mr. Walls' alleged wrongful death from mesothelioma. (ECF No. 138 ¶¶ 1, 2.) Before the Court is Plaintiff's motion for leave to supplement the record in opposition to Defendants' *Daubert* motions against Dr. Holstein. (ECF No. 524.) Plaintiff seeks to include a supplemental report from her expert Dr. Holstein that addresses certain tissue digestion evidence as it relates to attacks on the reliability of his opinions raised by Defendants. (*Id.* at 5.)

The Court has already addressed the *Daubert* motions as to Dr. Holstein's expert testimony in its Memorandum Opinion and Order from August 11, 2022, and it concluded that Dr. Holstein is qualified to testify as to both general and specific causation in this case. (ECF No. 539 at 24.) The Court directly contemplated how Dr. Holstein did not have the benefit of Dr. Gordon's tissue digestion study, and while that "data does weigh against the reliability of [his] analyses," that it ultimately did not affect his "methodology or conclusion

that Walls experienced significant exposures to asbestos from Defendants' products that contributed to his total dose and were independently capable of causing mesothelioma." (*Id.* at 20.)

The Court finds that further supplementation of the record on this matter is unnecessary. Even Plaintiff agrees that Dr. Holstein's scientific basis for finding lymph tissue digestion data unhelpful to a causation analysis "was *already set forth* in his report of April 2021." (ECF No. 537 at 8 (emphasis added).) The supplemental report which Plaintiff seeks to include simply "applies this previously disclosed analysis to a hypothetical" in order to address Defendants' criticisms. (*Id.*) The Court will not allow supplementation "which would essentially allow for unlimited bolstering of expert opinions." *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002). "To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would [wreak] havoc in docket control and amount to unlimited expert opinion preparation." *Id.* Accordingly, Plaintiff's motion will be denied.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Supplement the Record, (ECF No. 524), is **DENIED**.

This, the 25th day of October 2022.

/s/ Loretta C. Biggs
United States District Judge

2