IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAURA M. WALLS, *Individually and as Executor of the Estate of* ROBIE W. WALLS, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:20-CV-98 |
| v. | ) ) ) | |
| FORD MOTOR COMPANY, *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant Ford's Motion for Reconsideration of the Order Denying in Part Ford Motor Company's Motion for Summary Judgment. (ECF No. 512.) For the reasons stated herein, Ford's motion will be denied.

On February 25, 2022, this Court entered a Memorandum Opinion and Order, (ECF No. 487), addressing seven different motions for summary judgment. In the February Order, the Court denied Ford's motion for summary judgment on all claims except Plaintiff's loss of consortium claim. (ECF No. 487 at 25–37.) It is the February Order that Defendant requests that this Court reconsider. Of significance here is that following the entry of February Order, this Court held a hearing on the parties' numerous *Daubert* motions pending before the Court, and on August 11, 2022, the Court entered a Memorandum Opinion and Order, (ECF No. 539), resolving many of the motions, some of which are pertinent to the arguments that Ford raises in the instant motion for reconsideration. The Court will consider Ford's motion in the context of these Orders.

## I. STANDARD OF REVIEW

Under Rule 54(b) of the Federal Rules of Civil Procedure, the "district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ."). "Said power is committed to the discretion of the district court" and may be exercised as justice requires. *Am. Canoe Ass'n*, 326 F.3d at 515.

## II. DISCUSSION

In requesting that this Court reconsider its February Order, Ford argues that the Court made clear errors of both fact and law in rendering its decision. (ECF No. 513 at 1.)

As to the error of fact, Ford seizes on the Court's statement that "the direct and circumstantial evidence discussed herein—including the general causation expert testimony of DePasquale and Brody to which [Ford] has not objected—is sufficient on its own to create a genuine issue of material fact as to whether Ford's products were a substantial cause of Plaintiff's mesothelioma."[1] (ECF No. 487 at 28.) Ford maintains that it did object to both DePasquale and Brody's testimony in its omnibus memorandum in support of its *Daubert* motions. (ECF Nos. 513 at 1, 11–14; 477.) Notably, the extent of Ford's objection is a single footnote in that memorandum which states: "Should Dr. Brody or Mr. DePasquale attempt to offer opinions that exposure to chrysotile-containing friction products could or did cause

---

[1] The Court acknowledges and corrects its typographical error which refers to Defendant Strick instead of Defendant Ford. (ECF No. 487 at 28.)

2

Mr. Walls' mesothelioma, such opinions should be excluded for the reasons set forth herein." (ECF No. 477 at 1 n.1.)

As to the error of law, Ford contends that this Court misconstrued Fourth Circuit and North Carolina law by not addressing whether Plaintiff adequately established "medical" or "scientific" causation. (ECF No. 513 at 4.) Ford acknowledges that this Court aptly applied the "frequency, regularity, proximity" test articulated in *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162–63 (4th Cir. 1986). However, Ford argues that this test "is only half of the equation as it does not address the essential element of scientific causation." (ECF No. 513 at 4 (emphasis omitted).) Ford maintains that "[e]ven if an exposure is deemed 'substantial' because it occurred with frequency, regularity, and in proximity to Mr. Walls, . . . Plaintiff must still establish that the exposure could have and did actually cause Mr. Walls' mesothelioma – i.e., general and specific causation – in order to survive summary judgment." (*Id.*) In other words, Ford argues this Court did not apply a "but-for" causation test. (*Id.* at 5 ("Plaintiff must demonstrate that Mr. Walls' alleged exposure to Ford's products was a "but for" cause of his mesothelioma—i.e., that his mesothelioma would not have occurred in absence of his alleged exposures to Ford products.").)

Additionally, Ford argues the Court's statement of law that that "causation in asbestos cases may be established through direct or circumstantial evidence" is not accurate in the case at hand. (ECF Nos. 487 at 4; 513 at 7.) Ford contends that this Court failed to recognize Fourth Circuit and North Carolina law holding that "plaintiffs in asbestos cases (and other products liability cases) must come forward with reliable *expert* opinions as to both general and specific causation in order to survive summary judgment." (ECF No. 513 at 7.) Consequently, Ford argues that summary judgment should have been granted in its favor as to all claims

3

because "[P]laintiff's experts cannot offer reliable opinions to establish both general and specific causation." (*Id.* at 10.) Ford raises criticisms of Dr. Brody and Mr. DePasquale which, contrary to Ford's contentions, do not appear to have been fully fleshed out in its memorandum in support of its *Daubert* motions. (*Id.* at 11–14; ECF No. 477 at 1 n.1, 20.)

The Court first reiterates the well-established asbestos causation test it applied in its summary judgment order. That test requires a plaintiff to prove (1) that he was actually exposed to the alleged offending products and (2) that exposure was a substantial factor causing the plaintiff's injury. (ECF No. 487 at 3 (quoting *Smith v. Schlage Lock Co., LLC*, 986 F.3d 482, 487 (4th Cir. 2021) and *Finch v. Covil Corp.*, 972 F.3d 507, 512 (4th Cir. 2020)).)

Cases cited by Ford, like *Connor v. Covil Corp.*, 996 F.3d 143 (4th Cir. 2021), simply confirm the same substantial causation test articulated by this Court. (ECF No. 513 at 4); *see also Connor*, 996 F.3d at 148–49. Judge Flanagan's opinions in the *Yates* line of cases, which Ford also relies on, refer to that same test as well. *Yates v. Air & Liquid Sys. Corp.*, No. 12-CV-752, 2014 WL 4923603, at *22 (E.D.N.C. Sept. 30, 2014), *on reconsideration sub nom. Yates v. Ford Motor Co.*, No. 12-CV-752, 2015 WL 9222834 (E.D.N.C. Dec. 17, 2015) ("North Carolina requires that . . . '[t]he plaintiff . . . prove more than a casual or minimum contact with the product containing asbestos . . . [and] present evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked.'" (quoting *Jones v. Owens-Corning Fiberglas Corp.*, 69 F.3d 712, 716 (4th Cir. 1995))).

This Court also noted how causation in asbestos cases may be established through direct or circumstantial evidence. (ECF No. 487 at 3–4 (citing *Pace v. Air & Liquid Sys. Corp.*, 642 F. App'x 244, 253 (4th Cir. 2016)).) While the Court's denial of summary judgment at that time was based on direct and circumstantial evidence, (ECF No. 487 at 28), the Court

4

notes that, in light of its *Daubert* order, Plaintiff does in fact offer significant expert causation evidence, (ECF No. 539 at 12, 18, 24). Thus, Ford's arguments that Plaintiff lacks the requisite expert opinions needed to show causation are inapposite.

Additionally, the Court finds Ford's characterization of its prior objection to Dr. Brody and Mr. DePasquale's testimony misleading. Apart from only mentioning its objection to those two experts in a footnote in its *Daubert* brief focused on Drs. Holstein, Maddox, and Finkelstein, (ECF No. 477 at 1 n.1), Ford, in that same brief, makes a statement that Dr. Brody's expert testimony "is *not* at issue in this motion," (*id.* at 20 (emphasis added)). The Court cannot construe a footnote objection and single mention of Dr. Brody (who Ford acknowledged was not at issue in that motion) as raising any meaningful challenge to their testimony, let alone warranting reconsideration of this Court's previous order.

Ford also raises concerns as to whether Dr. Brody and Mr. DePasquale actually offer general causation testimony. (ECF No. 513 at 11.) Regardless of how either party characterizes their testimony/evidence, the Court, having now issued its *Daubert* order as to Drs. Holstein, Maddox, and Finkelstein, (ECF No. 539), takes this opportunity to reiterate that Plaintiff has "create[d] a genuine issue of material fact as to whether Ford's products were a substantial cause of Plaintiff's mesothelioma." (ECF No. 487 at 28.) In its *Daubert* order, this Court ruled that it would allow Drs. Holstein, Maddox, and Finkelstein "to offer general causation testimony," and further permitted Holstein and Maddox "to opine that each Defendant's products scientifically contributed to and caused Walls' mesothelioma," (i.e., to offer specific causation testimony). (ECF No. 539 at 24.) Accordingly, the Court declines to reconsider its order denying Ford's motion for summary judgment in part. (ECF No. 487 at 25–37.)

5

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant Ford's Motion for Reconsideration of the Order Denying in Part Ford Motor Company's Motion for Summary Judgment, (ECF No. 512), is **DENIED**.

This, the 25th day of October 2022.

/s/ Loretta C. Biggs
United States District Judge