IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAURA M. WALLS, *Individually* and as Executor of the Estate of ROBIE W. WALLS, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:20-CV-98 |
| v. | ) ) ) | |
| FORD MOTOR COMPANY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court in this wrongful death action are two motions: (1) Motion to Clarify and/or Reconsider the Court's Order Regarding Abex's Experts James Crapo and Christopher Herfel,[1] (ECF No. 543), filed by Defendant Pnuemo Abex LLC ("Abex"); and (2) Motion to Reconsider the Court's Order Excluding Captain Margaret A. McCloskey,[2] (ECF No. 545), filed by Defendant Strick Trailers LLC ("Strick"). For the reasons stated herein, Abex's motion will be granted in part and denied in part, and Strick's motion will be granted in part and denied in part.

Under Rule 54(b) of the Federal Rules of Civil Procedure, the "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–

---

[1] Abex's motion is joined by Defendants Ford Motor Company, Arvinmeritor, Inc., Navistar, Inc., and Strick (ECF Nos. 546; 547; 549; 545.)

[2] Strick's motion is entitled "Memorandum in Support [of Abex's] Motion to Reconsider," (ECF No. 545), but because it addresses an expert not included in Abex's motion, the Court interprets it as a separate motion to reconsider.

15 (4th Cir. 2003); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment . . . ."). "Said power is committed to the discretion of the district court" and may be exercised as justice requires. *Am. Canoe Ass'n*, 326 F.3d at 515.

The Fourth Circuit has held that Rule 54(b) motions "are not subject to the strict standards applicable to motions for reconsideration of a final judgment," under Rule 59(e). *Id.* at 514. Nonetheless, courts in this Circuit have frequently looked to the standards under Rule 59(e) for guidance in considering motions for reconsideration under Rule 54(b). Accordingly, reconsideration under Rule 54(b), like Rule 59(e), "is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence, or (3) to correct a clear error of law or prevent manifest injustice." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017). Such motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." *Id.* at 793.

## I. DISCUSSION

Following a hearing on numerous *Daubert* motions, this Court entered a Memorandum Opinion and Order (the "Order") on August 11, 2022, (ECF No. 539), resolving the motions. Abex seeks clarification and/or reconsideration of the Order as to Dr. James Crapo and Christopher Herfel's expert testimony. (ECF No. 543.) Strick seeks reconsideration of the Order as to Captain Margaret McCloskey's testimony. (ECF No. 545.) The Court will address Defendants' arguments as to each expert.

### A. Dr. Crapo

Abex argues that the Court's *Daubert* Order contains inconsistent rulings as to Plaintiff's motion to exclude testimony that asbestos exposure by vehicle mechanics cannot

2

cause mesothelioma, denominated ECF No. 281. (ECF No. 543 at 1–2.) Abex notes how the Opinion on page 1 states that "the motion will be denied"; on page 36 states that "Plaintiff's motion will be granted as to Oury and Crapo but denied as to Alexander and Mowat"; and in the Order itself on page 42 states that "Plaintiff's Motion . . . is DENIED." (*Id.*)

Abex also requests that the Court clarify its ruling that Dr. Crapo "will be precluded from testifying that vehicle friction products categorically cannot cause mesothelioma." (ECF Nos. 539 at 36; 543 at 2.) Specifically, Abex asks that the Court confirm that Dr. Crapo will not be precluded from testifying that "full-time automotive mechanics and brake workers have been found to not be at an increased risk for development of mesothelioma." (ECF No. 543 at 2.)

First, the Court acknowledges that the Order should reflect that ECF No. 281 was "granted in part and denied in part" on each of the pages referenced in Abex's motion. The Court will correct its clerical error to reflect that on pages 1, 36, and 42, the motion designated as ECF No. 281 is granted in part and denied in part.

Second, to the extent that Crapo does not intend to offer testimony "that vehicle friction products *categorically* cannot cause mesothelioma," as Abex argues in its motion, he will be in compliance with the Court's Order. (ECF No. 539 at 36 (emphasis added).) The substantive discussion of Crapo's testimony in the Order states:

> Crapo therefore will be precluded from testifying that vehicle friction products categorically cannot cause mesothelioma. Plaintiff has not challenged Crapo testimony that Walls exposure was too low to cause mesothelioma, and the Court expresses no opinion on the admissibility of such testimony.

3

(*Id.*) As the Court acknowledged in the Order, the parties "d[id] not identify in their briefing . . . which of Defendants' experts offer the challenged general causation opinion." (*Id.* at 30.) The Court did not have the benefit of knowing which experts seek to testify that exposure to vehicle friction products categorically cannot cause mesothelioma. (*Id.* at 30–31.) To the extent that footnote 6 of the Court's Order implied that certain expert opinions were precluded as offering impermissible categorical opinions, (*id.* at 30 n.6), the Court clarifies its ruling. The Court made no ruling on the admissibility of the expert testimony discussed in footnote 6. (*Id.* at 30–36.) Any additional objections to such testimony will be addressed at trial.

Abex has also requested the Court to reconsider its statement that Dr. Crapo, a pulmonologist, is "less qualified" than Dr. Alexander, an epidemiologist, and Dr. Mowat, a biomedical engineer and risk-assessment expert, to discuss the reliability and meaning of epidemiological studies.[3] (ECF Nos. 539 at 36; 543 at 2–3.) Abex requests that the Court "reconsider any such limitation that may have been based on a finding regarding Dr. Crapo's qualifications." (ECF No. 543 at 3.)

The Order expresses no opinion as to any other proposed testimony of Dr. Crapo, nor did the Court opine as to how Dr. Crapo's qualifications bore on any other testimony. (ECF No. 539 at 30–35.) Accordingly, the Court declines to reconsider the statement concerning Dr. Crapo's qualifications referenced by Abex.

### B. Herfel and McCloskey

As to Herfel, Abex requests that the Court allow Herfel "to authenticate Navy documents, including those showing the presence of amosite asbestos on the USS Charles H.

---

[3] The Court found Dr. Crapo, as well as Drs. Alexander and Mowat, qualified as experts. (ECF No. 539 at 33 nn.10–11, 34 n.12.)

Roan and the USS Arcadia where Mr. Walls worked" and "to permit Herfel to testify about the presence of asbestos on those vessels during the time period of Mr. Walls' Navy service." (ECF No. 543 at 3.)

Similarly, Strick asks the Court to reconsider its order and permit Captain McCloskey to authenticate Navy documents, including those showing the presence of amosite asbestos on the USS Charles H. Roan and the USS Arcadia. (ECF No. 545 at 1–2.) Strick requests that this Court allow Captain McCloskey to explain complex Navy documents and specifications and to permit her to testify about the presence of asbestos on those vessels during the period of Mr. Walls' naval service. (*Id.* at 2.) The same analysis for Abex's motion regarding Herfel is applicable to Strick's motion regarding McCloskey.

In the Order, the Court found that "McCloskey's and Herfel's opinions that Walls was exposed to asbestos during the Navy are speculative and not based on sufficient facts or data." (ECF No. 539 at 27.) The Court largely focused on Herfel's and McCloskey's proffered expert testimony as it related to Mr. Walls' individual exposures while in the Navy. (*Id.*) The use of these witnesses for other purposes, such as to authenticate records that they are qualified to authenticate and which the Court deems relevant, was not addressed in the Order. The Court made clear that Defendants "may offer relevant evidence of potential exposure to asbestos Walls sustained while serving in the Navy that is not substantially more prejudicial than probative." (*Id.* at 28.)

To the extent that Defendants seek to offer Herfel's or McCloskey's testimony about the presence of asbestos on the vessels in which Mr. Walls served, the Order was also clear: "Plaintiff . . . concedes that asbestos was present aboard Walls' ships, and that Walls was exposed to some background level of asbestos while in the Navy. Thus, McCloskey's and

5

Herfel's remaining testimony is duplicative and will not aid the jury in determining a fact in issue." (*Id.* at 28.)

Abex contends that "[i]t is error to exclude a defendant's 'otherwise admissible' expert witness testimony on an important issue in the case merely as 'cumulative' or 'duplicative,' when that expert's opinion is 'qualitatively different from the testimony of the other defense witnesses' and 'unique and particularly relevant.'" (ECF No. 543 at 16 (quoting *United States v. Galecki*, 932 F.3d 176, 186–87 (4th Cir. 2019)).)

In the *Galecki* case, cited by both Abex and Strick in their motions, the "qualitatively different" nature of the expert testimony that was improperly excluded there is unlike the case at hand. 932 F.3d at 186–87. The district court being reviewed in *Galecki* excluded an expert as duplicative who, uniquely, could have rebutted key portions of the Government's evidence and expert testimony and could not have been impeached based on pecuniary motive. *Id.* This caused the Fourth Circuit to "harbor doubt about whether the jury would have convicted Defendants if [the excluded expert] had testified." *Id.* at 187. Whereas here, Mr. Walls concedes that asbestos was present on the ships he worked, the Court declines to reconsider any part of the Order finding McCloskey's and Herfel's testimony duplicative. (ECF No. 539 at 28.) Further, neither Abex or Strick have established any intervening change in controlling law, newly discovered evidence, clear error of law, or manifest injustice warranting reconsideration.

For the reasons stated herein, the Court enters the following:

## ORDER

**IT IS THEREFORE ORDERED** that Defendant Abex's Motion to Clarify and/or Reconsider the Court's Order Regarding Abex's Experts James Crapo and Christopher Herfel,

6

(ECF No. 543), is **GRANTED in part** and **DENIED in part**. The motion is granted for the limited purpose of correcting the clerical error in the Order; clarifying that the Court was not ruling on the admissibility at trial of the opinions discussed in footnote 6 of the Order; and clarifying that Herfel may be used at trial for the purpose of authenticating documents provided he is qualified to do so, and the Court deems such documents as relevant, probative, and not prejudicial.

**IT IS FURTHER ORDERED** that Defendant Strick Trailer, LLC's Motion to Reconsider the Court's Order Excluding Captain Margaret A. McCloskey, (ECF No. 545), is **GRANTED in part** and **DENIED in part**. The motion is granted for the limited purpose of clarifying that McCloskley may be used at trial for the purpose of authenticating documents provided she is qualified to do so, and the Court deems such documents as relevant, probative, and not prejudicial.

This, the 28th day of October 2022.

/s/ Loretta C. Biggs
United States District Judge