IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| LAURA M. WALLS, Individually, and as Executor of the Estate of ROBIE W. WALLS, | ) ) ) ) | |
| Plaintiff, | ) ) | 1:20CV98 |
| v. | ) ) ) | |
| FORD MOTOR COMPANY, *et al.*, | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Before the Court are Defendant Ford Motor Company's ("Defendant") Renewed Motion for a Directed Verdict, (ECF No. 721), Defendant's Motion to Amend the Judgment, (ECF No. 723), and Defendant's Renewed Objection to Plaintiff Laura Walls' Bill of Costs and Motion to Review Taxation of Costs, (ECF No. 751). These motions came on for hearing before the Court on November 14, 2023. For the reasons stated herein, Defendant's Renewed Motion for Directed Verdict will be denied, Defendant's Motion to Amend the Judgment will be granted, and Defendant's Renewed Objection to Plaintiff's Bill of Costs and Motion to Review Taxation of Costs will be denied in part and granted in part.

I.  BACKGROUND

Plaintiff commenced this action on January 30, 2020, against 19 defendants, to include Defendant and Pneumo Abex, LLC ("Pneumo Abex"), alleging that the purported exposure of Mr. Robie Walls, the decedent, to the defendants' asbestos-containing products was a substantial factor in causing Mr. Walls' mesothelioma and subsequent death. (ECF Nos. 1 at

1–2, ¶ 7; 138 ¶¶ 1–2, 100.)  Plaintiff resolved her claims against all defendants before trial except the claims against Defendant and Pneumo Abex.

This civil action came before the Court for a jury trial beginning January 17, 2023, against Defendant and Pneumo Abex, LLC on four claims: defective design, failure to warn, breach of implied warranty, and gross negligence.  (*See* ECF No. 138 ¶¶ 49–90.)  During trial, on January 26, 2023, Defendant moved for directed verdict, (ECF No. 733 at 30:25–31:3), and the Court denied Defendant's motion for directed verdict on January 30, 2023, (ECF No. 718 at 175:9-12).  On February 1, 2023, the jury returned a verdict in favor of Plaintiff against Defendant only on the sole claim of failure to warn and awarded Plaintiff $275,000 in compensatory damages on that claim.  (ECF No. 709 at 1–2.)  On March 22, 2023, this Court entered a Judgment awarding the jury verdict amount of $275,000, prejudgment interest in the amount of $66,904.10, and post-judgment interest at the rate of 2.66%.  (ECF No. 715 at 1.)  The Judgment acknowledged that Plaintiff "represented to [Defendant] that she has $6,888,500.00 in settlements," and specifically provided that "all issues related to set-offs [would] be addressed in post-judgment motions."  (*Id.* at 2.)  On April 19, 2023, Defendant moved to amend the Judgment.  (ECF No. 723.)

On May 19, 2023, Plaintiff filed a Bill of Costs.  (ECF No. 743.)  Defendant filed an Objection to Plaintiff's Bill of Costs on June 2, 2023, (ECF No. 747), requesting that the Court reject the Bill of Costs, (*id.* at 5).  On August 15, 2023, the Clerk of Court filed a Taxation of Costs against Defendant in the amount of $17,482.06.  (ECF No. 750 at 5.)  Also, in the Taxation of Costs, the Clerk declared that certain arguments set forth by Defendant in its Objection to Plaintiff's Bill of Costs, including the right to setoff such costs, went "beyond a clerk's authority in ruling on a motion for bill of costs."  (*Id.* at 1.)  The Clerk refrained from

2

ruling on the issues raised by these arguments and instructed Defendant to raise these issues by filing a motion for review of taxation of costs pursuant to Local Rule 54.1(b)(2) directed to the District Court. (*Id.* at 1–2.) On August 21, 2023, Defendant renewed its objection to Plaintiff's Bill of Costs and moved for review of the Taxation of Costs pursuant to Local Rule 54.1(b)(2). (ECF No. 751.)

At the November 14, 2023, hearing, both Parties argued the three motions currently before the Court: Defendant's Renewed Motion for a Directed Verdict, Defendant's Motion to Amend the Judgment, and Defendant's Renewed Objection to Plaintiff's Bill of Costs and Motion to Review Taxation of Costs. The Court will now address each of these motions.

## II.  RENEWED MOTION FOR A DIRECTED VERDICT

This Court previously considered and rejected the arguments that Defendant makes in its Renewed Motion for a Directed Verdict when it denied Defendant's summary judgment motions, (ECF Nos. 487, 553), and *Daubert* motion seeking to preclude Plaintiff's experts, (ECF No. 539). Further, Defendant made a motion for directed verdict at the end of Plaintiff's case during trial. (ECF No. 733 at 30:7–31:3.) The Court did not rule on the motion at that time and reserved ruling on the motion until the end of Defendant's presentation of evidence. (*Id.* at 77:12–14.) At the end of Defendant's case, the Court denied Defendant's Motion for Directed Verdict. (ECF No. 718 at 175:9-12.) Moreover, at the November 14, 2023, hearing, Defendant acknowledged that its arguments in the Renewed Motion for Directed Verdict were the same as the arguments that had already been earlier addressed by the Court. (Tr. 1:17–2:2.[1]) This Court concludes that Defendant's current motion raises no new arguments that

---

[1] These citations are to the Realtime Feed – Unedited/Uncertified Transcript for the November 14, 2023, Motions Hearing before this Court ("Tr.").

3

have not already been previously addressed and denied by this Court in the earlier rulings or that would cause this Court to decide differently than the jury later decided.

Accordingly, this Court denies Defendant's Renewed Motion for Directed Verdict.

### III. MOTION TO AMEND THE JUDGMENT

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to alter or amend a judgment "no later than 28 days after the entry of the judgment." The rule permits the Court to grant a motion to amend a judgment in three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). In this case, as earlier discussed, the Judgment entered by the Court specifically calls for the issue of setoff to be addressed in post-judgment motions.

Defendant argues that the Judgment should be amended to reflect the application of Plaintiff's $6,888,500.00 in settlements to offset "the entire judgment amount awarded against Ford" because N.C. Gen. Stat. § 1B-4(1) requires that Plaintiff's settlements be applied to the Judgment. (ECF No. 724 at 3, 6.) Defendant also argues that the amount of Plaintiff's settlement had not been disclosed at the time of trial and constitutes new evidence to be considered under Rule 59(e). (*Id.* at 4–5.) Further, in its Reply, Defendant contends that North Carolina law dictates the application of setoff to costs. (ECF No. 746 at 2–3.)

In response, Plaintiff contends that, though Defendant is entitled to have Plaintiff's settlement amounts applied to the Judgment to offset damages and prejudgment interest on those damages, Defendant is not entitled to have those settlement amounts offset Plaintiff's costs. (ECF No. 740 at 3–4.) Plaintiff asserts that costs are not subject to interest or setoff,

4

arguing that "litigation costs are not intended to 'make a plaintiff whole' or related to ensuring a plaintiff is compensated for injuries," and that it would be inequitable to allow Defendant to lessen its litigation costs by using credit derived from money paid to Plaintiff by other defendants as redress for her injuries. (*Id.* at 4–5.)

To begin, here, the Parties agree that the $6,888,500.00 in settlement recovery that Plaintiff has received from other defendants should be applied to offset the jury's $275,000 compensatory damages award and the prejudgment interest on that award. (*See* ECF Nos. 724 at 2; 740 at 1, 4.) Further, Defendant moves to amend the Judgment to have the settlement recovery also applied as setoff to the post-judgment interest amount. (*See* ECF No. 723 at 1.) Plaintiff provides no argument regarding post-judgment interest in her response. (*See generally* ECF No. 740.)

Neither party here contends that the Judgment should not be amended to reflect the application of setoff to the jury's verdict awarding Plaintiff $275,000 in compensatory damages, the prejudgment interest amount of $66,904.10, and the post-judgment interest at the rate of 2.66%. The Fourth Circuit has affirmed courts in this district that have amended judgments to reflect setoff. *See Finch v. Covil Corp.*, 388 F. Supp. 3d 593, 632–33 (M.D.N.C. 2019) (granting a defendant's Rule 59(e) motion to amend the judgment "to reflect an appropriate set-off for amounts paid by others on account of the injuries that were the subject of [the] trial"), *aff'd,* 972 F.3d 507 (4th Cir. 2020)). The Parties acknowledged at the November 14, 2023, hearing that the only issue in contention is whether or not the setoff from Plaintiff's settlement recovery applies to Plaintiff's costs. (Tr. 2:24–3:8.)

Thus, the sole issue to now be addressed by this Court is whether or not setoff from Plaintiff's settlement amounts also applies to Plaintiff's costs. As this Court has diversity

5

jurisdiction in this case, (*see* ECF Nos. 138 ¶ 3; 154 at 1–2), the doctrine under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), is instructive on whether state law or federal law applies here. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (acknowledging that *Erie* "held that federal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes"). "The broad command of *Erie*" is that "federal courts are to apply state substantive law and federal procedural law." *Id.* The Fourth Circuit has recognized the requirement that state substantive law must be applied "in the adjudication of state-created rights" under the *Erie* doctrine. *Hottle v. Beech Aircraft Corp.*, 47 F.3d 106, 109 (4th Cir. 1995).

The Fourth Circuit has also held that "state law governs the *substantive* right to setoff" and has labelled the question of whether a party is entitled to setoff from settlement amounts as a "*substantive* question" which resolution requires the application of state law. *Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc.*, 99 F.3d 587, 596 (4th Cir. 1996) (emphasis added). Thus, this Court must apply North Carolina state law to determine whether costs are subject to setoff from settlement amounts. Under North Carolina law, "a release or a covenant not to sue or not to enforce judgment" that is "given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death . . . reduces the claim against the others" by the "amount stipulated by the release or the covenant, or" by "the amount of the consideration paid for it, whichever is the greater." N.C. Gen. Stat. § 1B-4(1).

Defendant relies on the North Carolina Supreme Court case *Brown v. Flowe*, 507 S.E.2d 894 (N.C. 1998), to support its contention that North Carolina courts view costs as subject to setoff under N.C. Gen. Stat. § 1B-4(1). (ECF No. 746 at 2–3.) *Brown* involved a medical malpractice action brought by a plaintiff as the administratrix of the estate of a decedent

6

against an emergency-room physician who worked at a hospital. 507 S.E.2d at 895. The physician and a medical resident had performed surgery on the decedent, who died while undergoing the surgery. *Id.* Before filing suit, the plaintiff entered a settlement agreement with the medical resident and the hospital, "releasing them from liability in consideration of" a payment. *Id.* The plaintiff then filed suit against the physician, the case was tried before a jury, and the jury returned a verdict awarding the plaintiff compensatory damages. *Id.* The trial court entered a judgment amount—an aggregate amount that included compensatory damages, prejudgment interest, post-judgment interest, and costs—to which it then credited the settlement amount. *Id.*

In *Brown*, the court recognized that the term "judgment" under N.C. Gen. Stat. § 24-5(b) includes costs. 507 S.E.2d at 896 (interpreting "judgment" under § 24-5(b) to "indicate[] the final amount of money due to the plaintiff, consisting of the verdict, costs, fees, and interest"). The court then recognized that, though "'judgment' as used in section 24-5 has a plain meaning under the decisions of this Court," the term "'claim' as used in section 1B-4 does not." *Id.* The court also noted that § 1B-4 is "silent as to when or how to reduce the 'claim' against . . . remaining tort-feasors," and that it had not previously determined "when or how to reduce a claim under section 1B-4 when prejudgment interest under section 24-5 applies." *Id.*

In the end, the court in *Brown* applied a calculation method that considered "judgment-time dollars" when applying setoff to damages and prejudgment interest.[2] *Id.* at 898. The

---

[2] Noting that under N.C. Gen. Stat. § 24-5(b), the "portion of money judgment designated by the fact finder as compensatory damages bears interest," the Supreme Court of North Carolina implemented a calculation method to apply setoff that involved "converting the settlement amount to judgment-time dollars, using the same legal rate of interest that is used in calculating prejudgment interest on the compensatory damages verdict, then subtracting the adjusted settlement figure from the adjusted compensatory damages figure." *Brown*, 507 S.E.2d at 896, 898.

7

court did not, however, expressly provide a plain meaning of "claim" under § 1B-4, and certainly did not specifically state whether costs were included within such a meaning. While the court does not explicitly state that costs are subject to setoff under § 1B-4, it does appear that the court upheld the method that was used by the trial court of including costs in the total judgment amount to which setoff from the settlement amount was applied. *See id.* at 895, 898.

This inclusion of costs in setoff, as was ultimately upheld in *Brown*, was further discussed in a North Carolina Court of Appeals case, *Boykin v. Kim*, 620 S.E.2d 707 (N.C. Ct. App. 2005). Regarding its review of a trial court's method in determining costs before applying setoff from settlement amounts, the court in *Boykin* was straightforward: "[w]here the trial court determined costs and interest before entitling the party defendant . . . to set-off, any remaining balance on the judgment was the proper amount for which [the defendant] is liable. We find no error." 620 S.E.2d at 715.

Thus, this Court holds that the $6,888,500.00 Plaintiff has received in settlement amounts shall be applied as setoff to an aggregate amount that includes Plaintiff's costs. The Judgment shall therefore be amended to declare the application of this setoff to the jury's verdict awarding Plaintiff $275,000 in compensatory damages, the prejudgment interest amount of $66,904.10, the post-judgment interest at the rate of 2.66%, and Plaintiff's costs. The total amount owed to Plaintiff by Defendant following the application of setoff is therefore $0.00.

IV. RENEWED OBJECTION TO BILL OF COSTS AND MOTION FOR REVIEW OF TAXATION OF COSTS

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see* 28 U.S.C. § 1920 (listing the fees

8

that may be taxed as costs[3]).  The Clerk taxes allowable costs requested by the prevailing party, and the Court may review the ruling of the Clerk.  L.R. 54.1.  "On [a] motion after the clerk's taxation of costs, the court may review the clerk's actions *de novo*," *Qayumi v. Duke Univ.*, 350 F. Supp. 3d 432, 435 (M.D.N.C. 2018), and "[t]he Court's review of the clerk's action [is] made on the existing record unless otherwise ordered," L.R. 54.1.(b)(2).

The United States Supreme Court and the Fourth Circuit have recognized that Rule 54(d)(1) carries a presumption that costs are to be awarded to the prevailing party.  *See Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs."); *see Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) (noting that Rule 54(d)(1) "creates the presumption that costs are to be awarded to the prevailing party").  Though the rule intends to award costs to the prevailing party, "the decision whether to award costs ultimately lies within the sound discretion of the district court."  *Marx*, 568 U.S. at 377; *see Cherry*, 186 F.3d at 446.  "To overcome the presumption, a district court 'must justify its decision [to deny costs] by articulating some good reason for doing so.'"  *Cherry,* 186 F.3d at 446 (alteration in original) (citations and internal quotation marks omitted) (quoting *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994)).  The Fourth Circuit has made clear, however, that "[c]osts may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award."  *Id.* (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355 n.14 (1981)).

---

[3] The fees include: "(1) [f]ees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) [d]ocket fees . . . [and] (6) [c]ompensation of court appointed experts, . . . interpreters, . . . [and] special interpretation services." 28 U.S.C. § 1920.

The Fourth Circuit has also recognized certain factors to justify denying an award of costs such as "[the] excessiveness [of costs] in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided." *Cherry*, 186 F.3d at 446 (citing *Teague*, 35 F.3d at 996). In addition, the Fourth Circuit has noted that other courts have recognized misconduct by the prevailing party or the unsuccessful party's inability to pay the costs as factors that justify denying costs. *Cherry*, 186 F.3d at 446 (citing *Congregation of The Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988)).

Defendant offered arguments in its briefs objecting to Plaintiff's Bill of Costs and moving for review of the Taxation of Costs, (*see* ECF Nos. 747; 751), and Plaintiff offered arguments in response, (*see* ECF Nos. 748; 752). However, as earlier mentioned, both Parties agreed at the November 14, 2023, hearing that the only issue with respect to Defendant's objection in this matter is whether or not the setoff from Plaintiff's settlement recovery applies to Plaintiff's costs. (Tr. 2:24–3:8.) Specifically, Defendant declined to pursue any of the arguments in its earlier filings related to Plaintiff's entitlement to costs or the computation of costs. (Tr. 14:12–15:24.) Further, this Court has now held that these costs are indeed subject to setoff.

Therefore, the Court denies in part and grants in part Defendant's Renewed Objection to Plaintiff's Bill of Costs and Motion to Review Taxation of Costs. The Court denies Defendant's objection as it relates to Plaintiff's entitlement to costs as set forth in the Taxation of Costs; however, it grants Defendant's motion with respect to Defendant's entitlement to have all of Plaintiff's costs offset by Plaintiff's settlement recovery.

# ORDER

**IT IS THEREFORE ORDERED** that Defendant's Renewed Motion for a Directed Verdict, (ECF No. 721), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Renewed Objection to Plaintiff's Bill of Costs and Motion to Review Taxation of Costs, (ECF No. 751), is **DENIED IN PART AND GRANTED IN PART**. It is denied as to any objection by Defendant to Plaintiff's status as a "prevailing party" or to Plaintiff's entitlement to costs, but it is granted to the extent that Defendant's obligation to pay Plaintiff's costs will be offset by the $6,888,500.00 Plaintiff has received in settlement recovery.

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend the Judgment, (ECF No. 723), is **GRANTED**. Specifically, the Judgment, (ECF No. 715), is to be amended to reflect the application of Plaintiff's settlement recovery to offset the jury's verdict awarding Plaintiff $275,000 in compensatory damages, the prejudgment interest amount of $66,904.10, the post-judgment interest at the rate of 2.66%, and Plaintiff's costs as taxed by the Clerk of Court. As a result of the setoff, the total amount owed by Defendant to Plaintiff now equals $0.00, and an amended judgment reflecting this ruling shall be filed contemporaneously with this Memorandum Opinion and Order.

This, the 30th day of November 2023.

/s/ Loretta C. Biggs
United States District Judge